**UNITED STATES COURT OF APPEALS**
**Filed 8/1/96**
**TENTH CIRCUIT**

_____

NICHOLAS V. BANNER

    Petitioner-Appellant,

v.

STATE OF UTAH; BOARD OF
PARDONS AND PAROLE,

    Respondents-Appellees.

No. 96-4020
(D.C. No. 95-CV-676)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Nicholas V. Banner initiated this action in the district court under 28 U.S.C. § 2254, claiming the Board of Pardons and Parole for the State of Utah (the "Board") placed an unconstitutional condition on his parole. On the recommendation of a magistrate judge, the district court denied Mr. Banner's petition. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and affirm.

Taking issue with the Board's requirement that he participate in an in-patient sex offender program when his sentence itself did not require such participation, Mr. Banner argues that "[a]ny prescribed condition of parole which to satisfy requires that the offender remain in confinement, as a prisoner, violates his due process liberty interest in a release from imprisonment, as a parolee." We decline to address the merits of Mr. Banner's claim because his status as a parolee has been lawfully revoked, which renders moot any complaint he might have had with the conditions placed on his parole.

After Mr. Banner served a term of imprisonment in the Utah State Prison on his conviction for sexual abuse of a child, the Board entered an order granting him parole. In anticipation of his parole, Mr. Banner signed a parole agreement. In this agreement, Mr. Banner agreed to abide by numerous parole conditions,

violations of which empowered the Board to revoke his parole. Included among the conditions was an agreement that he not leave the State of Utah without prior written authorization from a parole agent. The agreement also included the condition Mr. Banner challenges as unconstitutional. Before completing the sex offender treatment program, Mr. Banner "walked away" from the facility where he was receiving sex offender therapy and moved to the State of Georgia. Without regard to the requirement that he participate in the challenged program, his move to Georgia violated the parole condition that he not leave the Utah without written consent from his parole agent. Mr. Banner was arrested nearly a year later and charged with four parole violations. Mr. Banner pleaded guilty to all four counts, including leaving the state without prior authorization. The Board revoked Mr. Banner's parole.

Mr. Banner does not argue, nor can we conclude, that the requirement he not leave Utah without prior authorization violated any federally protected rights. Since the Board lawfully revoked Mr. Banner's parole for violation of this condition, we conclude that any complaints he had with the conditions placed on

his parole have been rendered moot for the purposes of 28 U.S.C. § 2254.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge