UNITED STATES COURT OF APPEALS
**Filed 8/9/96**
FOR THE TENTH CIRCUIT

_____

MERRILL WADE AYERS,                       )
                                          )
     Plaintiff-Appellant,                 )
                                          )
v.                                        )        No. 96-8034
                                          )    (D.C. No. 95-CV-262)
JUDY UPHOFF, individually; WYOMING        )      (Dist. of Wyo.)
DEPARTMENT OF CORRECTIONS DIRECTOR,)
in her official capacity, aka Judy        )
Uphoff; JIM DAVIS, individually;          )
WYOMING DEPARTMENT OF CORRECTIONS         )
HEALTH ADMINISTRATOR, in his              )
official capacity, aka Jim Davis;         )
DUANE SHILLINGER; JAMES FERGUSON,         )
individually; WYOMING DEPARTMENT          )
OF CORRECTIONS STATE PENITENTIARY         )
WARDEN, in his official capacity,         )
aka James Ferguson; JERRY STEELE,         )
individually; WYOMING DEPARTMENT          )
OF CORRECTIONS STATE PENITENTIARY         )
ASSOCIATE WARDEN, in his official         )
capacity, aka Jerry Steele; ARCHIE        )
KIRSCH, individually; WILLIAM             )
HETTGAR, individually; WYOMING            )
DEPARTMENT OF CORRECTIONS STATE           )
PENITENTIARY ASSOCIATE WARDEN, in         )
his official capacity, aka William        )
Hettgar; DONALD P. FERGUSON,              )
individually, Wexford Contract            )
Physician; DR. JOHNSON,                   )
individually, Wexford Contract            )
Physician; JOHN PERRY,                    )
individually; CINDY FAULKNER,             )
individually; NURSE SHUTTERLEE,           )
individually; WEXFORD HEALTH              )
SOURCES, INC.; RICK SHINKLE,              )
individually; CORRECTIONS OFFICER, )
WYOMING DEPARTMENT OF CORRECTIONS         )
STATE PENITENTIARY, in his official)
capacity, aka Rick Shinkle,               )
                                          )

Defendant-Appellee.                    )

_____

**ORDER AND JUDGMENT[\*]**

_____

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Merril Wade Ayers (Ayers), appearing <u>pro</u> <u>se</u> and having been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, appeals from the district court's order denying his "Motion for an Order Directing Defendants and/or Clerk of Courts to Provide Plaintiff with Free Photocopies."

On November 15, 1995, Ayers filed a civil rights complaint pursuant to 42 U.S.C. § 1983 "seeking relief from defendants' custom and policy of providing constitutionally inadequate health care in 'deliberate indifference' of prisoners' serious health needs and the personal prejudice and 'cruel and unusual punishment' he suffered as a result of this 'custom and policy,' and from acts

_____

[\*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

- 2 -

of retaliation and interference with his right to seek redress for grievances, as well as violations of his right to privacy." (ROA, Vol. I, Tab 1 at 1-2). On November 28, 1995, the Magistrate Judge ordered that Ayers' civil rights complaint be stayed pending receipt by the court of documentation regarding compliance with the Wyoming Department of Corrections Inmate Grievance Procedure. (ROA, Vol. I, Tab 7).

On December 11, 1995, Ayers filed a Motion for an Order Directing Defendants and/or Clerk of Courts to Provide Plaintiff with Free Photocopies requesting that he be provided with free photocopies of legal documents necessary to prosecute his civil rights action. (ROA, Vol. I, Tab 10). Ayers argued that the Wyoming Department of Corrections and the Wyoming State Penitentiary had reinstated a photocopying policy denying legal photocopies to indigents, such as himself, which violated his right to access to the courts. Id.

On March 11, 1996, the district court converted Ayers' motion for Free Photocopies into a Motion for Mandatory Injunction. The court found that Ayers' motion demanding free photocopying services for all documents required in his civil rights action was "a complaint concerning the enforcement of a regulation generally applicable to the entire [prison] population," which raised wholly separate issues, and was targeted at only one of the defendants. The court held that this motion required substantial evidence and

analysis separate from the original case. (ROA, Vol. I, Tab 19 at 2). Therefore, the court ordered that the legal photocopying issue be severed from the underlying civil rights action, and directed that Ayers could bring the free legal copies claim as a separate issue after compliance with the inmate grievance procedures. Id. at 3.

We review the grant or denial of an injunction for abuse of discretion. See Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs., 31 F.3d 1536, 1542 (10th Cir. 1994). "Under the abuse of discretion standard a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the [trial] court made a clear error in judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (citations omitted).

After a careful review of the record, we hold that the district court did not abuse its discretion. We affirm substantially for the reasons set forth in the district court's Order of Severance and Reassignment of Legal Photocopying Issue dated March 11, 1996.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge